UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| SEAN QUIGLEY, ) | CASE NO. 1:14 CV 68 |
| ) | |
| Petitioner, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| WARDEN, NOBLE CORRECTIONAL ) | AND ORDER |
| INSTITUTION, ) | |
| ) | |
| Respondent. ) | |

Before the Court is Sean Quigley's pro se Petition for Habeas Corpus under 28 U.S.C. § 2254. Quigley seeks to challenge his 2010 conviction in the Cuyahoga County Court of Common Pleas, pursuant to a guilty plea, for burglary.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. The petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254.

As the sole ground for his Petition, Quigley asserts he did not enter a valid guilty plea to burglary because, when the trial judge asked him what his plea was, he responded "yes ma'am." The Petition indicates he asserted on direct appeal that the trial court did not comply with Ohio Criminal Rule 11. *See also, State v. Quigley*, Cuy. Cty. App. No. 96299, 2012 WL 2337282, p.2 (June 14, 2012).

Quigley simply does not set forth a constitutional basis for his Petition. As such, there is not a cognizable ground for relief before the Court. Further, it is apparent that his argument

before the state court was based on an interpretation of state procedural rules. Therefore, even if he had set forth a cognizable claim in this Court, he did not "fairly present" such a claim to the state court, and thus failed to exhaust his state court remedies in any event. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).

Accordingly, the Petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 6/3/14